# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

KALEB LEE BASEY,

    Plaintiff,

v.

KYLE FREDERICK REARDON, et al.,

    Defendants.

Case No. 3:23-cv-00124-JMK

## SCREENING ORDER

Self-represented federal prisoner Kaleb Lee Basey ("Plaintiff") filed a complaint, a civil cover sheet, a motion to file exhibits, and a sealed declaration in support of his motion.[1] Plaintiff asserts this is an action under:

(1) The Freedom of Information Act ("FOIA") to order production of agency records;

(2) Fed. R. Civ. P. Rule (60)(d)(l) and 28 U.S.C. §1331 seeking relief from this Court's order in the certificate of appealability ("COA") proceeding in *U.S. v. Basey,* No. 4:14-cr-00028-RRB (D. Alaska); and

---

[1] Dockets 1–4.

(3) 28 U.S.C. §1331 and the U.S. Constitution seeking equitable relief for a deprivation of Basey's liberty interest in access to pre-trial exculpatory information without due process of law.[2]

Plaintiff names Kyle Frederick Reardon, Jolene Goeden, the United States of America, the Executive Office for the U.S. Attorney, the Federal Bureau of Investigation, the U.S. Department of Justice, the FBI Field Office of Anchorage, and the U.S. Attorney's Office for the District of Alaska as defendants ("Defendants").[3] The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[4] In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

---

[2] Docket 1.

[3] Docket 1.

[4] 28 U.S.C. §§ 1915, 1915A.

Case No. 3:23-cv-00124-JMK, *Basey v. Reardon, et al.*
Screening Order
Page 2 of 13
Case 3:23-cv-00124-JMK  Document 8  Filed 11/28/23  Page 2 of 13

(iii) seeks monetary relief against a defendant who is immune from such relief.[5]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[6] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[7] Further, courts are not required to entertain duplicative or redundant lawsuits and may dismiss them as frivolous or malicious.[8]

## DISCUSSION

The Court takes judicial notice[9] of Plaintiff's underlying criminal conviction in *United States v. Basey,* Case No. 4:14-cr-00028-RRB-1. In that case, Plaintiff also filed for post-conviction relief under 28 U.S.C. § 2255, motion requesting discovery, reconsideration, recusal of the assigned judge, and appealed multiple court orders.[10] The Court also takes judicial notice of Plaintiff's previous FOIA case

---

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *See Gordon v. City of Oakland,* 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir. 1988)).

[7] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[8] *See, e.g., Cato v. United States,* 70 F.3d 1103, 1105 n.2 (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims).

[9] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); *see also* Fed. R. Evid. 201.

[10] *See United States v. Basey,* Case No. 4:14-cr-00028-RRB. *See also United States v. Basey,* 784 Fed. App'x 497 (9th Cir. 2019) (denying direct appeal); *United States v. Basey,* Nos. 4:20-

Case No. 3:23-cv-00124-JMK, *Basey v. Reardon, et al.*
Screening Order
Page 3 of 13
Case 3:23-cv-00124-JMK   Document 8   Filed 11/28/23   Page 3 of 13

seeking information various agencies compiled in connection with his prosecution.[11]

## I. Failure to State a Claim

To determine whether a complaint states a valid claim on which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[12] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[13] Factual allegations must not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[15] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-

---

cv00015-RRB, 4:14-cr-00028-RRB-1, 2022 WL 636115 (9th Cir. Jan. 18, 2022) (affirming denial of § 2255 motion and subsequent Federal Rule of Civil Procedure 59(e) motion); *In re Basey v. USDC-AK,* 2022 WL 6685216 (9th Cir. July 12, 2022) (denying petition for mandamus); *Basey v. United States,* 142 S. Ct. 1434 (2022) (denying petition for writ of certiorari).

[11] *See Basey v. Dep't of the Army,* No. 4:16-cv-00038-TMB (D. Alaska 2018).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[13] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[14] *Ashcroft*, 556 U.S. at 678.

[15] Fed. R. Civ. P. 8(a)(2).

Case No. 3:23-cv-00124-JMK, *Basey v. Reardon, et al.*
Screening Order
Page 4 of 13
Case 3:23-cv-00124-JMK   Document 8   Filed 11/28/23   Page 4 of 13

unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[16] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[17]

## II. Improper Joinder

Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to join as many claims as he has against an opposing party in one action. Multiple parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."[18] Unrelated claims that involve different defendants must be brought in separate lawsuits.[19] Rule 18 prevents confusion, ensures that prisoners pay the required filing fees for each lawsuit asserted, and prevents prisoners from circumventing the three-strikes rule set forth under the Prison Litigation Reform Act.[20]

While Plaintiff's claims all center around his theory that the "[g]overnment is withholding exculpatory information regarding the lack of proof of the reality of the

---

[16] *Id.*

[17] *Id.* (internal citations and quotations omitted).

[18] Fed. R. Civ. P. 20(a)(2).

[19] *See Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997); *Kealoha v. Espinda*, 2017 WL 741570, at *4 (D. Haw. 2017); *Tagle v. Nev. Dep't of Corr.*, 2016 WL 910174, at *2 (D. Nev. 2016); *Washington v. Cal. Dep't of Corr.*, 2016 WL 6599812, at *1 (E.D. Cal. 2016).

[20] *See George*, 507 F.3d at 607; 28 U.S.C. § 1915(g).

Case No. 3:23-cv-00124-JMK, *Basey v. Reardon, et al.*
Screening Order
Page 5 of 13
Case 3:23-cv-00124-JMK   Document 8   Filed 11/28/23   Page 5 of 13

alleged minors depicted at his trial all in violation of *Brady v. Maryland*,"[21] he may not improperly join them in this case. Nonetheless, in the interests of judicial economy, the Court considers the three claims asserted by Plaintiff below.

**III.    Claim One**

Plaintiff brings Claim 1 under the Freedom of Information Act ("FOIA") to order production of agency records improperly being withheld from Plaintiff.[22] Liberally construed, Plaintiff is able to state facts to allege a plausible claim regarding his new FOIA request for information previously withheld on the basis the disclosure could have interfered with his ongoing criminal case.[23] However, Plaintiff's Complaint fails under Rule 8. Plaintiff's Complaint is neither short nor plain. Plaintiff's initial filings include a 66-page Complaint, almost 80 pages of documents, and a motion to file two additional exhibits under seal.[24] During screening, a court is not required "to wade through exhibits to determine whether cognizable claims have been stated."[25] Additionally, only federal agencies are proper party defendants in FOIA litigation.[26] Consequently, neither the agency

---

[21] Docket 1 at 13. *See also* 33 U.S. 83 (1963).

[22] Docket 1.

[23] Docket 1 at 13–14. *See also Basey v. Dep't of the Army,* 2018 U.S. Dist. LEXIS 227506 (D. Alaska 2018).

[24] Dockets 1–4.

[25] *Woodrow v. Cty. of Merced*, No. 1:13-cv-01505-AWI, 2015 WL 164427, at *4 (E.D. Cal. 2015).

[26] 5 U.S.C.A. § 552(a)(4)(B) (granting district courts "jurisdiction to enjoin the agency from withholding agency records improperly withheld from complainant") (emphasis added); 5 U.S.C.A. § 552(f)(1) (defining term "agency").

Case No. 3:23-cv-00124-JMK, *Basey v. Reardon, et al.*
Screening Order
Page 6 of 13
Case 3:23-cv-00124-JMK   Document 8   Filed 11/28/23   Page 6 of 13

head nor other federal employees are proper parties to a FOIA suit, nor is the United States.[27]

The Court accords Plaintiff **30 days** to amend his FOIA claim in accordance with the guidance herein. The burden is on Plaintiff, the FOIA requestor, to show an agency has (1) improperly; (2) withheld; (3) agency records.[28] However, Plaintiff may not assert a claim based on a request for the same records previously sought or produced.[29]

## IV.  Claims Two and Three

Plaintiff brings Claim 2 under Fed. R. Civ. P. (60)(d)(1) and 28 U.S.C. § 1331 seeking relief from this Court's order in the certificate of appealability ("COA") proceeding in *United States v. Basey,* Case No. 4:14-cr-00028-RRB. Plaintiff brings Claim 3 under "28 U.S.C. §1331 and the U.S. Constitution seeking equitable relief for a deprivation of Basey's liberty interest in access to pre-trial exculpatory information without due process of law."[30]

As an initial matter, Section 1331 does not confer constitutional or federal statutory rights. Instead, it provides the district courts with original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

---

[27] *Drake v. Obama,* 664 F.3d 774, 786 (9th Cir. 2011) (affirming district court's dismissal of FOIA claims against defendants because "they are all individuals, not agencies").

[28] *Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 150 (1980); *Cal-Almond, Inc. v. United States Dep't of Agriculture,* 960 F.2d 105, 108 (9th Cir. 1992).

[29] Docket 1 at 15.  *See also Basey v. Dep't of the Army,* Case No. 4:16-cv-00038-TMB, Dockets 39, 49.

[30] Docket 1.

Case No. 3:23-cv-00124-JMK, *Basey v. Reardon, et al.*
Screening Order
Page 7 of 13
Case 3:23-cv-00124-JMK   Document 8   Filed 11/28/23   Page 7 of 13

To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[31] Further, while Rule 60(d) makes clear that it "does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding" or "set aside a judgment for fraud on the court," a person may not disguise a second or successive habeas petition by styling it as a Rule 60 motion to avoid habeas filing restrictions.[32]

Plaintiff claims he "is not challenging a judgment in a habeas case, he is challenging the COA order or proceeding which the Supreme Court regards as a separate and distinct proceeding from the merits ruling in a habeas case." Plaintiff claims the "COA order is void and should not be enforced."[33] He seeks a "decree relieving Basey of the prior COA ruling, and a *de novo* COA ruling conducted by this Court."[34] As in other filings, Plaintiff includes inapposite citations, legally flawed arguments, and issues previously ruled upon.[35] Further, the Court of Appeals for the Ninth Circuit denied Mr. Basey's certificate of appealability on

---

[31] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[32] *Christian v. Thomas,* 982 F.3d 1215, 1220 (9th Cir. 2020).

[33] Docket 1 at 41.

[34] Docket 1 at 41.

[35] *See* 28 U.S.C. § 2255(h); *see also United States v. Allen,* 157 F.3d 661, 664 (9th Cir. 1998) (explaining that claim is considered "successive" if the "basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments" (internal quotations omitted)); *Heffington v. United States,* 2009 WL 2043012, at *4 (E.D. Cal. 2009) (Petitioners' contention that he may bring a motion to reopen his 28 U.S.C. § 2255 proceeding under Rule 60(d) "is without merit").

January 18, 2022, and denied his motion for reconsideration on January 31, 2022.[36] The Supreme Court of the United States of America denied his petition for a writ of certiorari on January 23, 2023.[37] The Court declines to engage in further analysis.

**V.      Prosecutorial Immunity**

Assistant U.S. Attorneys are entitled to absolute immunity from a civil action when the attorney performs a function that is "intimately associated with the judicial phase" of a criminal process.[38] Plaintiff brings suit against Defendant Kyle Reardon in his official capacity as the primary prosecutor in Plaintiff's underlying criminal case.[39] Plaintiff has not presented any facts to support a claim that Defendant Reardon or any other Assistant United States Attorney was acting outside the scope of his prosecutorial duties or engaged in administrative or investigative functions. Further, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.[40]

---

[36] Case No. 4:14-cr-00028-RRB, Dockets 403, 404.

[37] Docket 415.

[38] *See Fry v. Melaragno,* 939 F.2d 832, 837 (9th Cir. 1991); *see also Liao v. Ashcroft,* 2009 WL 1371691, at *4 (N.D. Cal. 2009) (absolute prosecutorial immunity applies to deputy attorney general's "official conduct in [defending] the government in a prior state court action").

[39] Docket 1 at 12.

[40] *See Stevens v. Rifkin,* 608 F. Supp. 710, 728 (N.D. Cal. 1984).

Case No. 3:23-cv-00124-JMK, *Basey v. Reardon, et al.*
Screening Order
Page 9 of 13
Case 3:23-cv-00124-JMK   Document 8   Filed 11/28/23   Page 9 of 13

Because the allegations involve actions taken within the scope of the criminal proceedings, Defendant Reardon is entitled to absolute prosecutorial immunity.

## CONCLUSION

Plaintiff is accorded 30 days from the date of this order to file an amended complaint. An amended complaint replaces the prior complaint in its entirety.[41] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[42] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. An amended complaint should not contain a narrative and it should not contain or have attached to it unrelated or unnecessary documentation.

Although Plaintiff has been given the opportunity to amend, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims or parties in the amended complaint.[43] Any amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. While a court may act with leniency towards a self-represented litigant for

---

[41] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

[42] Fed. R. Civ. P. 8(a)(2).

[43] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:23-cv-00124-JMK, *Basey v. Reardon, et al.*
Screening Order
Page 10 of 13
Case 3:23-cv-00124-JMK   Document 8   Filed 11/28/23   Page 10 of 13

procedural violations, all litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[44] "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."[45] Under Rule 11, when a party—even one who is self-represented—presents a pleading to a court they must certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances the claims, defenses, and other legal contentions are warranted by existing law or nonfrivolous argument" and "the factual contentions have evidentiary support."[46] Under Local Civil Rule 11.2, the Court is well within its power to impose sanctions for rules violations, including fines, costs, and attorney's fees awards. Beyond these rules-based options, a federal district court possess inherent powers to manage their own affairs in order to achieve orderly dispositions.[47] This includes fashioning sanctions for conduct that abuses the judicial process or is in bad faith.[48] "Flagrant abuse of the judicial

---

[44] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[45] *In re McDonald,* 489 U.S. 180, 184 (1989) *(per curiam).*

[46] Fed. R. Civ. P. 11(b)(2–3).

[47] *America Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021).

[48] *Id*.

Case No. 3:23-cv-00124-JMK, *Basey v. Reardon, et al.*
Screening Order
Page 11 of 13
Case 3:23-cv-00124-JMK   Document 8   Filed 11/28/23   Page 11 of 13

process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."[49]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at Docket 1 is DISMISSED for failing to state a claim upon which relief could be granted.

2. The Court grants Plaintiff **leave to amend Claim 1** in accordance with the guidance provided in this order.

3. Plaintiff's Claims 2 and 3 are **DISMISSED with prejudice.**

4. Plaintiff's claims against Defendants Reardon, the Exec. Office for the U.S. Attny's, and the U.S. Attorney's Office for the District of Alaska are **DISMISSED with prejudice.**

5. Plaintiff's motion at Docket 3 is **DENIED.**

6. Plaintiff is accorded Plaintiff is accorded **30 days** from the date of this order to file **one of the following**:

    a. <u>First Amended Complaint</u>, in which Plaintiff restates his claim to address the deficiencies identified in this order. An amended complaint must be on the Court's form, which is being provided to Plaintiff with this order; **OR**

---

[49] *De Long,* 912 F.2d at 1148.

Case No. 3:23-cv-00124-JMK, *Basey v. Reardon, et al.*
Screening Order
Page 12 of 13
Case 3:23-cv-00124-JMK   Document 8   Filed 11/28/23   Page 12 of 13

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

7. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form **within 30 days,** this case may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.[50] This dismissal would count as a "strike" against Plaintiff under § 1915(g).[51] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders. Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

9. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 28th day of November, 2023, at Anchorage, Alaska.

/s/ *Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[50] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that a dismissal counts as a strike when the district court dismisses a complaint for a failure to state a claim, grants leave to amend, and the plaintiff fails to amend the complaint).

[51] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 3:23-cv-00124-JMK, *Basey v. Reardon, et al.*
Screening Order
Page 13 of 13
Case 3:23-cv-00124-JMK   Document 8   Filed 11/28/23   Page 13 of 13