KALEB LEE BASEY,

    Plaintiff,

v.

KYLE FREDERICK REARDON, *et al.*,

    Defendants.

Case No. 3:23-cv-00124-JMK

## **ORDER OF DISMISSAL**

Self-represented federal prisoner Kaleb Lee Basey ("Plaintiff") filed a complaint, a civil cover sheet, a motion to file exhibits, and a sealed declaration in support of his motion.[1] The Court screened the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A and found it deficient.[2] On November 28, 2023, the Court granted Plaintiff leave to file an amended complaint regarding his claim under the Freedom of Information Act ("FOIA"), but dismissed the remaining claims with prejudice.[3] On December 12, 2023, Plaintiff filed three motions—a motion for reconsideration, a motion for leave to file his amended complaint without using the form PS01, and a motion to certify screening order for immediate appeal.[4]

---

[1] Dockets 1–4.
[2] Docket 8.
[3] Docket 8.
[4] Dockets 9–11.

On January 2, 2024, the U.S. District Court for the Eastern District of Kentucky transferred *Basey v. United States Department of Justice, et al.*,[5] to this Court.[6] Plaintiff opposed the venue transfer because, among other reasons, after filing his FOIA claims in the Eastern District of Kentucky, he "then filed identical FOIA claims in Alaska."[7] The Department of Justice did not object to the transfer of venue, explaining that Plaintiff's "FOIA requests clearly relate to his federal conviction and the investigation that led to that conviction, so the search for those documents has begun in Alaska."[8]

Where a plaintiff repeats pending or previously litigated claims, it is proper to dismiss those claims as frivolous under 28 U.S.C. § 1915.[9] By Plaintiff's own admission, his FOIA claims filed on June 8, 2023, in the instant case are identical to the FOIA claims previously filed in March 21, 2023, in the Kentucky case, which is now pending before the Court.[10] The Court finds these claims duplicative and will not allow Plaintiff leave to file an amended complaint in this case. Therefore, this case is DISMISSED. Further, for the reasons explained below, Plaintiff's motion for reconsideration at Dockets 9 is DENIED.

---

[5] Case No. 5:23-cv-00091 (D. E.D. Ky. 2023), which was assigned Case No. 3:24-cv-00005-SLG (D. Alaska 2024).

[6] Case No. 3:24-cv-00005-SLG, Docket 28.

[7] Case No. 3:24-cv-00005-SLG, Docket 25 at 21–22.

[8] Case No. 3:24-cv-00005-SLG, Docket 21 at 2.

[9] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

[10] Case No. 3:24-cv-00005-SLG, Docket 25 at 21–22.

**Motion for Reconsideration**

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."[11] Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.[12] "Whether or not to grant reconsideration is committed to the sound discretion of the court."[13]

Plaintiff filed a motion for reconsideration challenging the Court's characterization of his claims, arguing FBI field officers are not prosecutors, and claiming the Court ignored precedent regarding prosecutorial immunity and Rule 60 challenges in habeas proceedings.[14] Plaintiff's initial filings include a 66-page Complaint (containing multiple sections and subsections), almost 80 pages of documents, and a motion to file additional exhibits under seal.[15] Although Plaintiff takes issue with the Court's characterization of his claims, the Court

---

[11] *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996).

[12] *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

[13] *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (quoting *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)).

[14] Docket 9.

[15] Dockets 1–4.

Case No. 3:23-cv-00124-JMK, *Basey v. Reardon, et al.*
Order of Dismissal
Page 3 of 5
Case 3:23-cv-00124-JMK   Document 12   Filed 02/02/24   Page 3 of 5

construed the Complaint as containing three claims based on the first three paragraphs of the Complaint and sections A through C under his jurisdiction section.[16] Upon review, the Court maintains Plaintiff's "six" claims ultimately can be grouped into three main arguments. Specifically, Plaintiff argues:

(1) the DOJ, FBI, and EOUSA violated FOIA by wrongfully withholding agency records;

(2) the Court's order denying his certificate of appealability in *U.S. v. Basey,* Case No. 4:14-cr-000028-RRB was improper; and

(3) his due process rights were violated during his federal criminal prosecution.[17]

The Court granted leave to file an amended complaint regarding the alleged violations of FOIA. The Court dismissed the remaining claims, which essentially challenge rulings by the Alaska District Court and the Ninth Circuit Court of Appeals and repackage Plaintiff's previous unsuccessful attempts to challenge his criminal conviction. The Court also dismissed any claims against former Assistant U.S. Attorney Reardon and the U.S. Attorney's Office based on prosecutorial immunity.[18] As in other filings, Plaintiff includes inapposite citations, legally flawed arguments, and arguments previously rejected by the Court.[19] Nothing in Plaintiff's

---

[16] Docket 1 at 1–6.

[17] *See generally* Docket 1.

[18] Despite Plaintiff's assertion, the Court did not imply agents for the Federal Bureau of Investigation or dismiss claims against any FBI agents based on prosecutorial immunity. Rather, the Court dismissed Plaintiff's claims as collateral attacks his criminal conviction.

[19] *Cf. United States v. Allen,* 157 F.3d 661, 664 (9th Cir. 1998) (explaining that claim is considered "successive" if the "basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments" (internal quotations omitted));
Case No. 3:23-cv-00124-JMK, *Basey v. Reardon, et al.*
Order of Dismissal
Page 4 of 5

motion sets forth any valid grounds for reconsideration, and the Court declines to engage in further analysis.[20] Plaintiff's motion for reconsideration at Docket 9 is DENIED.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion for reconsideration at **Docket 9 is DENIED**.

2. This case is **DISMISSED as frivolous**.

3. This dismissal counts as a **STRIKE under 28 U.S.C.A. § 1915(g)**.[21]

4. Plaintiff's motions at **Dockets 10–11 are DENIED as moot**.

5. The Clerk shall issue a final judgment.

DATED this 2nd day of February, 2024, at Anchorage, Alaska.

*/s/ Johsua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

*Heffington v. United States,* 2009 WL 2043012, at *4 (E.D. Cal. 2009) (Petitioners' contention that he may bring a motion to reopen his 28 U.S.C. § 2255 proceeding under Rule 60(d) "is without merit.").

[20] *See Ogden v. CDI Corp.*, No. CV 20-01490-PHX-CDB, 2021 WL 2634503, at *3 (D. Ariz. 2021) (denying a motion for reconsideration when plaintiff did "nothing more than disagree with this Court as to the relevant law").

[21] *See Belanus v. Clark,* 796 F.3d 1021, 1028 (9th Cir. 2015) ("[T]he fact that a prisoner pays the docket fee is no barrier to a court, when dismissing the case as frivolous, directing that the dismissal count as a strike under 28 U.S.C. 1915(g).").