# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

KALEB LEE BASEY,

    Plaintiff,

  v.

KYLE FREDERICK REARDON, in his official capacity, *et al.*

    Defendants.

Case No. 3:23-cv-00124-SLG

## <u>ORDER ON MOTION TO VACATE JUDGMENT</u>

Before the Court at Docket 24 is Plaintiff Kaleb Lee Basey's Motion to Vacate Judgment. No response was filed. In his motion, Mr. Basey seeks relief pursuant to Federal Rule of Civil Procedure 60(b) due to "extraordinary circumstances" involving judicial misconduct by former Judge Kindred.[1]

On June 8, 2023, Mr. Basey initiated this action against several Defendants, including the U.S. Attorney's Office for the District of Alaska.[2] On November 28, 2023, the Court issued a screening order dismissing Mr. Basey's claims.[3] On December 12, 2023, Mr. Basey moved for reconsideration,[4] which the Court

---

[1] Docket 24 at 1.

[2] Docket 1.

[3] Docket 8.

[4] Docket 9.

denied.[5] On February 2, 2024, final judgment was entered dismissing the case as frivolous.[6] On February 27, 2024, Mr. Basey appealed the Court's judgment dismissing his action.[7] The Ninth Circuit reviewed de novo and affirmed the judgment holding that "[d]ismissal of Basey's due process claims was proper because Basey failed to allege facts sufficient to state a cognizable claim for relief."[8] Mr. Basey subsequently filed the instant motion on December 30, 2025.[9]

Mr. Basey asserts that final judgment should be vacated because former Judge Kindred's "misconduct with members of the U.S. Attorney's Office," a named defendant in this case, "at the very least, created an appearance of partiality and constitutes extraordinary circumstances warranting the vacatur of the dismissal."[10] However, "[d]e novo review means that the reviewing court 'do[es] not defer to the lower court's ruling but freely consider[s] the matter anew, as if no decision had been rendered below.'"[11] Therefore, any potential concerns of partiality arising from the district court's proceedings were addressed through the Ninth's Circuit's de novo review of the final judgment. Mr. Basey identifies no ruling affected by the

---

[5] Docket 12.

[6] Docket 13.

[7] Docket 17.

[8] Docket 22.

[9] Docket 24.

[10] Docket 24 at 1.

[11] *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (quoting *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir.1988)).

Case No. 3:23-cv-00124-SLG, *Basey v. Reardon, et al.*
Order on Motion to Vacate Judgment
Page 2 of 3

misconduct that escaped meaningful appellate scrutiny; nor does he contend that the appellate process itself was compromised. Given the Ninth Circuit's intervening independent review of the judgment, the Motion to Vacate Judgment at Docket 24 is DENIED.

DATED this 27th day of April, 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00124-SLG, *Basey v. Reardon, et al.*
Order on Motion to Vacate Judgment
Page 3 of 3

Case 3:23-cv-00124-SLG    Document 26    Filed 04/27/26    Page 3 of 3